IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALBERT HERNANDEZ,
ADC #65214                                                                          PLAINTIFF

v.                                          5:09CV00328HLJ

DR. MOLDEN, et al.                                                              DEFENDANTS

ORDER

      Plaintiff, a state inmate proceeding pro se, seeks relief in a civil rights action pursuant to 42

U.S.C. § 1983, and has filed an application to proceed in forma pauperis, pursuant to 28 U.S.C. §

1915(a) (DE #1).  Such includes the appropriate financial information which makes the showing

required by the statute, and accordingly, plaintiff's request to proceed in forma pauperis will be

granted.[1]

      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of

$350 for this action.  Plaintiff has been without sufficient funds for six months and is presently

without sufficient funds.  Accordingly, the Court will not assess an initial partial filing fee.

Plaintiff is obligated, however, to make monthly payments of 20% of the preceding month's income

credited to plaintiff's prison trust account each time the amount in the account exceeds $10.00, until

---

[1]  The plaintiff is hereby notified of his responsibility to comply with the Local Rules of the
Court, including Rule 5.5(c)(2), which states: "...If any communication from the Court to a pro se
plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.
Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of
Civil Procedure."
    If at some stage in the litigation of this action, plaintiff decides not to continue to prosecute this
action, plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to
Fed.R.Civ.P. 41.
      In addition, if plaintiff has not completely exhausted his administrative remedies with
respect to all his claims, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. Sect.
1997e, he may file a motion to dismiss his unexhausted claims.

the filing fee is paid in full.   Plaintiff's present custodian, the Director of the Arkansas Department of Correction, and any future custodians, are required to send to the Clerk of the Court these payments from plaintiff's prison trust account until the statutory filing fee of $350 is paid in full. 28 U.S.C. § 1915(b)(2).

The Court is also required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1), (2).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). In reviewing a pro se complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  But regardless of whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th  Cir.1985).

Although plaintiff names several individuals as defendants in the caption of his complaint, he refers only a few of those individuals in the body of his complaint.  Therefore, plaintiff's complaint as it now stands is too vague and conclusory to enable the Court to determine whether the complaint is frivolous, fails to state a claim for relief, or does in fact state a legitimate cause of

action.  Accordingly, plaintiff shall file an amended complaint within thirty (30) days of the date of this Order and specifically state the following:  **(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; and (3) how each individual violated the plaintiff's constitutional rights**.  Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.  If plaintiff wishes to name additional defendants concerning the allegations set forth, plaintiff shall set forth specific facts concerning their involvement as well.   Accordingly,

IT IS, THEREFORE, ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (DE #1) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350 for this action.  Plaintiff's present custodian, the Director of the Arkansas Department of Correction, and any future custodians shall collect monthly payments from plaintiff's prison trust account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account each time the amount in the account exceeds $10.00, and shall forward those payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350 has been collected and forwarded to the Clerk of the Court.  The payments shall be clearly identified by the name and number assigned to this action.

3.  In accordance with the above instructions, plaintiff shall file an amended complaint within thirty (30) days of the date of this Order.  Failure to file an amended complaint will result in dismissal of this action without prejudice.  See Local Rule 5.5(c)(2).  The Clerk shall forward to the plaintiff a § 1983 complaint form.

4.  The Clerk of the Court is directed to send a copy of this Order to the Arkansas Department of Correction Compliance Office, P.O. Box 20550, Pine Bluff, AR 71612; to the ADC

Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, AR 71611; and to the Warden

of the Diagnostic Unit, 7500 Correction Circle, Pine Bluff, AR 71603-1498.

IT IS SO ORDERED this 4th day of November, 2009.


_____

United States Magistrate Judge