# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ALBERT HERNANDEZ                                                                                       PLAINTIFF
ADC #65214

v.                                             No. 5:09CV00328 JLH/JTR

RAYMOND MOLDEN, et al.                                                                              DEFENDANTS

## ORDER OF DISMISSAL

Albert Hernandez, who is a prisoner in the Arkansas Department of Correction, filed a *pro se* § 1983 Complaint and an Application to Proceed *In Forma Pauperis*. The Court initially granted Hernandez's application but ordered Hernandez to amend his complaint to include specific allegations against certain defendants. Subsequently, the Court dismissed a number of defendants for failure to state a claim because, although Hernandez amended his complaint, he did not include any allegations against those defendants. The Court ordered service on the remaining defendants. Some of those defendants filed a motion to dismiss which the Court construed as a motion for summary judgment and granted. Two more defendants filed a supplemental motion to dismiss which the Court also granted. Three individual defendants remain; namely, Drs. Molden, Duensing, and Edwards. They have filed a motion for summary judgment arguing that: (1) Hernandez's complaint should be dismissed for failure to exhaust his administrative remedies; (2) Hernandez's *in forma pauperis* status should be revoked, and he should be directed to pay the full $350.00 filing fee pursuant to the three strikes provision of the Prison Litigation Reform Act; (3) Hernandez's Third Amended Complaint supercedes his prior complaints, terminates his claims against Drs. Molden and Edwards, and fails to state a constitutional claim against Dr. Duensing; and (4) Hernandez abandoned all claims raised in his complaint at the Pre-Jury Evidentiary Hearing held on February 28, 2011. For the following reasons, the Order granting Hernandez's Application to

Proceed *In Forma Pauperis* will be revoked and the case dismissed, without prejudice, pursuant to the three strikes provision in 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act contains a three strikes provision that specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional). Initially, the Court granted Hernandez's Application to Proceed *In Forma Pauperis* without addressing § 1915(g).

The Court's records demonstrate that Hernandez has previously filed at least three § 1983 actions that were dismissed for failing to state a claim upon which relief may be granted. *See Casiano v. Slayden*, 5:93CV00747 WRW (dismissed on January 25, 1994); *Hernandez v. Boyd*, 5:95CV00572 SWW (dismissed on December 7, 1995); *Hernandez* v. *Ark. Dept. Corr.,* 2:05CV00162 JMM (dismissed on March 30, 2006).[1] In addition, the Eighth Circuit has affirmed the dismissal of at least one of Hernandez's actions because his "allegations were insufficient to state a claim." *See Hernandez v. Brownlee*, 141 F.3d 1168 (8th Cir. 1998).

Even though Hernandez has had three cases dismissed for failure to state a claim, he still may

---

[1] Hernandez also has had several lawsuits dismissed pursuant to the three strike rule. *See Hernandez v. Hobbs*, 2:02CV00013 GH; *Hernandez v. Ark. Post. Prison. Transfer Bd.*, 4:03CV00661 JMM; *Hernandez v. ADC*, 2:05CV00162 JMM; *Hernandez v. ADC*, 2:06CV00221 GH; *Hernandez v. Minor*, 5:10CV00100 JLH; *Hernandez v. CMS*, 5:10CV00241 BSM; *Hernandez v. CMS*, 5:10CV00340 JLH; *Hernandez v. ADC*, 5:10CV00354 BSM; *Hernandez v. CMS*, 5:11CV00061 BSM; *Hernandez v. Golden*, 5:11CV00075 JMM; *Hernandez v. Kittrell*, 5:11CV00139 DPM.

be allowed to proceed *in forma pauperis* if he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) Furthermore, the Eighth Circuit has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

Having conducted a *de novo* review of the entire record—which includes listening to the recording of the pre-jury hearing held before Judge Jerome T. Kearney on February 28, 2011—the Court concludes that Hernandez is not in imminent danger of serious physical injury, nor was he in such danger when he filed his complaint. Accordingly, the Court concludes that Hernandez has not satisfied the imminent danger exception to the three strikes rules.

Normally, "determination of the question of leave to proceed in forma pauperis under 28 U.S.C. § 1915 should precede both issuance and service of process." *In re Funkhouser*, 873 F.2d 1076, 1077 (8th Cir. 1989). Still, until the entry of the final judgment, the district court retains the power to set aside, for appropriate reasons, orders previously entered in the case. *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 857 (8th Cir. 2008) (citing *Partmar Corp. v. Paramount Pictures Theatres Corp.*, 347 U.S. 89, 100, 74 S. Ct. 414, 420-21, 98 L. Ed. 532 (1954)). Because the Court

concludes that § 1915(g) does not permit Hernandez to proceed *in forma pauperis* in this action, the Order granting Hernandez's Application to Proceed *In Forma Pauperis* is set aside and the complaint will be dismissed without prejudice. *Cf. Gentile v. Mo. Dept. of Corr. and Human Res.*, 986 F.2d 214, 217 (8th Cir. 1993) ("[I]f the Court becomes convinced at any time that the complaint is frivolous or malicious, it may revoke in forma pauperis status and dismiss the complaint under 28 U.S.C. § 1915(d).").

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Court's Order granting Hernandez's Application to Proceed *In Forma Pauperis* (docket entry #4) is set aside;

2. This case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g);

3. If Hernandez wishes to continue this case, he must, **within thirty (30) days of the entry of this Order of Dismissal**: (a) pay the $350 filing fee in full, noting the above case style and number; and (b) file a Motion to Reopen the case. Upon receipt of the Motion and full payment, this case will be reopened; and

4. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

DATED this 7th day of September, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE